# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| WALTER RICHARDS<br>1430 Carroll Street<br>Sidney, Ohio 45365,<br><br>           Plaintiff,<br><br>           v.<br><br>PLASTIPAK PACKAGING, INC.<br>18015 State Route 65<br>Jackson Center, Ohio 45334,<br><br>**Serve Also:**<br><br>PLASTIPAK PACKAGING, INC.<br>c/o CT Corporation System<br>Registered Agent<br>4400 Easton Commons Way<br>Suite 125<br>Columbus, Ohio 43219,<br><br>and,<br><br>BRADLEY CURWALSKI<br>c/o Plastipak Packaging, Inc.<br>18015 State Route 65<br>Jackson Center, Ohio 45334,<br><br>           Defendants. | CASE NO.<br><br>JUDGE:<br><br><br><br>**COMPLAINT FOR DAMAGES**<br>**AND INJUNCTIVE RELIEF**<br><br>**JURY DEMAND ENDORSED**<br>**HEREIN** |

Plaintiff, Walter Richards, by and through undersigned counsel, as his Complaint against Defendants Plastipak Packaging, Inc. ("Plastipak") and Bradley Curwalski, states and avers the following:

## PARTIES, JURISDICTION, AND VENUE

1. Richards is a resident of the city of Sidney, Shelby County, Ohio.

2. Plastipak is a domestic corporation that does business at 18015 State Route 65, Jackson Center, Ohio.

3. Plastipak is and, at all times herein, was an employer within the meaning of R.C. § 4112.01 *et seq*.

4. Curwalski is a resident of the state of Ohio.

5. Curwalski is, and at all times hereinafter mentioned was, an individual who aided, abetted, or assisted in the conduct committed by Plastipak within the meaning of R.C. § 4112.01 *et seq.*

6. All of the material events alleged in this Complaint occurred in Shelby County.

7. Personal jurisdiction is proper over Defendants pursuant to R.C. § 2307.382(A)(1) and (4).

8. Venue is proper pursuant to Civ. R. 3(C)(2).

9. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

10. Within 300 days of the conduct alleged below, Richards filed Charges of Discrimination with the Equal Employment Opportunity Commission ("OCRC"), Charge Nos. 22A-2023-03116 and 22A-2023-03117C, against Defendants ("Richards OCRC Charges").

11. Richards dually filed his Charge of Discrimination against Plastipak with the OCRC and the Equal Employment Opportunity Commission ("EEOC").

12. On or about October 5, 2023, the OCRC issued Notice of Right to Sue letters to Richards regarding the Richards OCRC Charges.

13. Richards in received his Notice of Right to Sue letters in accordance with 42 U.S.C. § 2000e-5(f)(1), which have been attached hereto as Plaintiff's Exhibit A.

14. Richards has filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letters.

15. Richards has properly exhausted his administrative remedies pursuant to R.C. § 4112.052.
16. Richards has properly exhausted his administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

## **FACTS**

17. Richards is a former employee of Plastipak.
18. Richards began working for Plastipak on or about March 17, 2022.
19. Richards worked for Plastipak as a Production Technician for the duration of his employment.
20. Richards suffers from heart disease ("Richards's Disability") and experienced multiple heart attacks during his employment with Plastipak.
21. On or about August 2, 2022, Richards suffered the first of two heart attacks ("First Heart Attack") as a result of Richards's Disability.
22. During his First Heart Attack, Richards was taken to a hospital for emergency surgery.
23. Immediately after his First Heart Attack, Richards notified Defendants of his hospitalization.
24. Richards informed Defendants that he could return to work with some restrictions after a day of rest.
25. After Richards's First Heart Attack, Defendants stated that Richards could not return to work until he could do so without any restrictions.
26. Defendants failed to engage in an interactive process to determine whether Richards needed accommodations when they refused to allow him to work with any restrictions after his First Heart Attack.
27. Richards returned to work on or about August 9, 2022, seven days after his surgery.
28. On or about August 9, 2022, Line Lead Robert Coppler accused Richards of lying about his First Heart Attack.

29. On or about August 9, 2022, Richards presented a patient visit summary regarding his surgery and hospital stay to Judy (Last Name Unknown), Plastipak's Head of Human Resources.

30. Judy (Last Name Unknown) rejected Richards's medical documents as evidence of his First Heart Attack and demanded an "original copy."

31. On or about August 9, 2022, Richards presented a doctor's note releasing him to return to work with no restrictions to Judy (Last Name Unknown).

32. Coppler and Judy (Last Name Unknown) accused Richards of having falsified his doctor's note.

33. On or about August 22, 2022, Coppler issued Richards a "Final Written Warning."

34. The Final Written Warning was based on absences related to Richards's heart attack.

35. Defendants failed to reasonably accommodate Richards's Disability when they disciplined him for missing a week of work after his First Heart Attack.

36. Beginning after his First Heart Attack in or around August 2022, Richards was required to run a production line on his own.

37. Non-disabled, similarly-situated Plastipak employees were not required to run production lines alone.

38. Beginning after his First Heart Attack in or around August 2022, Plastipak management including Richards's Supervisor Bradley Curwalski frequently called Richards "stupid."

39. Non-disabled, similarly-situated Plastipak employees were not frequently called "stupid."

40. On or about November 2, 2022, Richards suffered another heart attack ("Second Heart Attack") due to Richards's Disability.

41. Richards immediately notified Defendants of his Second Heart Attack and hospitalization.

42. On or about November 2, 2022, Richards provided Defendants with a doctor's note stating that he was treated that day and could return to work on November 5, 2022.

43. Defendants again stated that Richards could not return to work until he could do so without any restrictions.

44. Defendants failed to engage in an interactive process to determine whether Richards needed accommodations when they refused to allow him to work with any restrictions after his Second Heart Attack.

45. On or about November 8, 2022, Richards provided Defendants with a doctor's note stating that he could return to work without restrictions.

46. Richards returned to work on or about November 8, 2022.

47. On or about November 22, 2022, Defendants terminated Richards's employment.

48. On or about November 22, 2022, Richards also received a "Second Final Written Warning" backdated to November 16, 2022.

49. The Second Final Written Warning was based on absences related to Richards's Second Heart Attack.

50. Defendants' stated basis for Richards's termination was absences related to his Second Heart Attack.

51. Defendants failed to reasonably accommodate Richards's Disability when it dismissed him for missing less than a week of work after his Second Heart Attack.

52. Defendants knowingly terminated Richards's employment.

53. Defendants knowingly took an adverse employment action against Richards.

54. Defendants knowingly took an adverse action against Richards.

55. Defendants intentionally terminated Richards's employment.

56. Defendants intentionally took an adverse employment action against Richards.

57. Defendants intentionally took an adverse action against Richards.

58. Defendants knew that terminating Richards would cause Richards harm, including economic harm.

59. Defendants willfully terminated Richards's employment.

60. Defendants willfully took an adverse employment action against Richards.

61. Defendants willfully took an adverse action against Richards.

62. As a direct and proximate result of Defendants' conduct, Richards suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT I: DISABILITY DISCRIMINATION UNDER R.C. 4112.01 *et seq.*

63. Richards restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

64. Defendants treated Richards differently than other similarly-situated employees based on his disabling condition.

65. On or about November 22, 2022, Defendants terminated Richards's employment without just cause.

66. Defendants terminated Richards's employment based on his disability.

67. Defendants violated R.C. § 4112.02 when they discharged Richards based on his disability.

68. Defendants violated R.C. § 4112.02 by discriminating against Richards based on his disabling condition.

69. As a direct and proximate result of Defendants' conduct, Richards suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT II: DISABILITY DISCRIMINATION UNDER THE A.D.A.

70. Richards restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

71. Plastipak treated Richards differently than other similarly-situated employees based on his disabling condition.

72. On or about November 22, 2022, Plastipak terminated Richards's employment without just cause.

73. Plastipak terminated Richards's employment based on his disability.

74. Plastipak violated the ADA when they discharged Richards based on his disability.

75. Plastipak violated the ADA by discriminating against Richards based on his disabling condition.

76. As a direct and proximate result of Plastipak's conduct, Richards suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT III: FAILURE TO ACCOMMODATE UNDER R.C. 4112.01 *et seq.*

77. Richards informed Defendants of his disabling condition.

78. There was an accommodation available that would have been effective and would have not posed an undue hardship to Plastipak.

79. Defendants failed to engage in the interactive process of determining whether Richards needed an accommodation.

80. Defendants failed to provide an accommodation.

81. Defendants violated R.C. § 4112.02 by failing to provide Richards a reasonable accommodation.

82. As a direct and proximate result of Defendants' conduct, Richards suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

### COUNT IV: FAILURE TO ACCOMMODATE UNDER THE A.D.A.

83. Richards informed Plastipak of his disabling condition.

84. There was an accommodation available that would have been effective and would have not posed an undue hardship to Plastipak.

85. Plastipak failed to engage in the interactive process of determining whether Richards needed an accommodation.

86. Plastipak failed to provide an accommodation.

87. Plastipak violated the ADA by failing to provide Richards a reasonable accommodation.

88. As a direct and proximate result of Plastipak's conduct, Richards suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

### COUNT V: UNLAWFUL AIDING, ABETTING, AND INCITING OF DISCRIMINATION (As Against Defendant Bradley Curwalski)

89. Richards restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

90. Pursuant to R.C. § 4112.02(J), it is unlawful "[f]or any person to aid, abet, incite, compel, or coerce the doing of any act declared by this section to be an unlawful discriminatory practice..."

91. Curwalski aided, abetted, incited, coerced, and/or compelled Plastipak's discriminatory termination of Richards.

92. Curwalski aided, abetted, incited, coerced, and/or compelled Plastipak's discriminatory treatment of Richards.

93. Curwalski violated R.C. § 4112.02(J) and § 4112.99 by aiding, abetting, and inciting discrimination.

94. As a direct and proximate result of Curwalski's conduct, Richards has suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiff Walter Richards respectfully requests that this Honorable Court grant the following relief:

(a) Issue a permanent injunction:

    (i) Requiring Plastipak to abolish discrimination, harassment, and retaliation;

    (ii) Requiring allocation of significant funding and trained staff to implement all changes within two years;

    (iii) Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to investigate complaints promptly and/or take effective action to stop and deter prohibited personnel practices against employees;

    (iv) Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

    (v) Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

(b) Issue an order requiring Plastipak to restore Richards to one of the positions to which he was entitled by virtue of his application and qualifications, and expunge his personnel file of all negative documentation;

(c) An award against each Defendant of compensatory and monetary damages to compensate Richards for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(d) An award of punitive damages against each Defendant in an amount in excess of $25,000;

(e) An award of reasonable attorneys' fees and non-taxable costs for Richards claims as allowable under law;

(f) An award of the taxable costs of this action; and

(g) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

*/s/ Trisha Breedlove*
Trisha Breedlove (0095852)
Constance Obermeyer (0102392)
**SPITZ, THE EMPLOYEE'S LAW FIRM**
1103 Schrock Road, Suite 307
Columbus, Ohio 43229
Phone: (614) 683-7331
Fax: (216) 291-5744
Email: trisha.breedlove@spitzlawfirm.com
connie.obermeyer@spitzlawfirm.com

*Attorneys for Plaintiff Walter Richards*

## JURY DEMAND

Plaintiff Walter Richards demands a trial by jury by the maximum number of jurors permitted.

*/s/ Trisha Breedlove*
Trisha Breedlove (0095852)
Constance Obermeyer (0102392)

*Attorneys for Plaintiff Walter Richards*